IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:19-cv-02421-CMA-SKC

KAREN STEWART SHORT,

    Plaintiff,

v.

GALITZ TRANSPORTATION, INC.,
FRANKLIN JOHN GALITZ, III, and,
KELLY JOE GALITZ,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [#28]**

---

This Order addresses Plaintiff Karen Stewart Short's ("Short") Motion for Appointment of Counsel [#28] (the "Motion").[1] During conferral, Defendant informed Short that it takes "no position" on the motion. [#28 at p.4.] For the foregoing reasons, the Motion is GRANTED.

Short seeks the appointment of pro bono counsel. In civil cases, whether the appointment of counsel is appropriate is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) ("Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be

---

[1] The Court uses "[#___]" to refer to specific docket entries in CM/ECF.

1

overturned."). The district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citation omitted). Under Local Rule 15(f), the Court applies the following factors when reviewing a motion for appointment of counsel in a civil action: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by any other means; and (4) the degree to which the interest of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLOLAttyR 15(f).

Weighing these factors, the Court finds that appointment of Counsel is appropriate. Short brings this action against Defendants alleging: First Claim: Sex Discrimination; Second Claim: Americans [with] Disabilities Act; Third Claim: Equal Pay Act; Fourth claim Fair Labor Standards Act; Fifth Claim: Colorado Wage Protection Act; Sixth Claim: EBSA/ERISA; and Seventh Claim: Personal Injury. [*See generally* #6.] Her Amended Complaint was filed at the direction of Magistrate Judge Gallagher to curing a deficiency with the original complaint. [*See* #4.] She has been permitted to proceed in this matter *in forma pauperis*. [#7.] Short indicates that she cannot afford to hire an attorney, despite repeated efforts to retain counsel for "20 months" due to, among other reasons, her inability to afford consultation fees and other counsel's unwillingness to accept the matter on a contingency fee basis. [#28 at pp. 2-3.] The Court believes it will benefit from the assistance of appointed counsel for Short as the case proceeds through discovery and

toward trial. For these reasons, the Court finds the appointment of pro bono counsel is appropriate.

IT IS ORDERED that Plaintiff's Motion for Appointment of Counsel [#28] is GRANTED. The Clerk of Court shall select, notify, and appoint counsel to represent Karen Stewart Short in this civil matter.

**NOTICE TO *PRO SE* PARTY: Short is advised that the Clerk will select counsel from the Panel; however, there is no guarantee that Panel members will undertake representation in every case selected for the appointment. The Court reminds Short that she is responsible for all scheduled matters, including filing and response deadlines, hearings, depositions, motions and trial.**

DATED: January 9, 2020.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge